USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADMINISTRATION FOR CHILDREN'S SERVICES,

Petitioner,

-against-

KHADIJAH MCFADDEN WILLIAMS WHITE,

Respondent.

1:26-cv-7699

ORDER

GREGORY H. WOODS, United States District Judge:

Defendant, who is appearing *pro se*, filed a notice of removal to remove to this Court an action pending in the Family Court of the State of New York, New York County. *See* Dkt. No. 1. For the reasons set forth below, the action is remanded to the New York County Family Court.

**STANDARD OF REVIEW**

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

The Court declines to exercise jurisdiction over this family court action under the domestic relations abstention doctrine. "[E]ven if subject matter jurisdiction lies over a particular matrimonial action, federal courts may properly abstain from adjudicating such actions in the view of the greater interest and expertise of state courts in this field." *Deem v. DiMella-Deem*, 841 F.3d 618, 621 (2d Cir. 2019) (quoting *American Airlines Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)). "A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Id.* at 621–22. "The existence of a distinct abstention doctrine for certain domestic relations disputes is supported by the Supreme Court's longstanding recognition – in a non-diversity case involving a child custody dispute – that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.'" *Id.* at 624 (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890)). The underlying state court action is a child custody dispute, and the Court does not find that there is any obstacle to the full and fair determination of the underlying matter in the family court.

For that reason, the Court refuses to exercise its jurisdiction over this child custody dispute and orders the action to be remanded to the Family Court of the State of New York, New York County. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Defendant and note service on the docket.

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Family Court of State of New York, New York County. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

SO ORDERED.

Dated: November 12, 2026
New York, New York

GREGORY H. WOODS
United States District Judge